# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARONDA McCULLERS, | Case No. 3:09cv00270 |
| Plaintiff, | District Judge Timothy S. Black |
| | Magistrate Judge Sharon L. Ovington |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

## DECISION AND ENTRY GRANTING MOTION
## FOR ALLOWANCE OF ATTORNEY FEES (DOC. 23)

This case is before the Court on the Motion For Allowance Of Attorney Fees filed by Plaintiff's attorney. (Doc. 23). The Motion seeks an order granting attorney fees in the amount of $24,628.38 pursuant to 42 U.S.C. § 406(b), which allows the Court to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Defendant did not file any response to the Motion, and in fact, Plaintiff's attorney represents in the Motion that the Defendant "does not wish to take a stand on whether or not he objects on the issue of 406(b) motions." (Doc. 23).

The Court notes that it originally issued an Order reversing the Commissioner's finding that claimant was not disabled and remanding this case for an award of benefits on September 26, 2010. (Doc. 19). A Judgment Entry was docketed that same day. (Doc. 20). On or about February 6, 2011, the Social Security Administration ("SSA") sent a Notice of Award to Plaintiff regarding her Disability Insurance Benefits, and thereafter, sent a Notice of Award regarding Supplemental Security Income on or about May 9, 2011. (Doc. 23-1). Plaintiff's attorney did not file this Motion until September 16, 2011, approximately one-year

after the Court docketed the original Order and Judgment Entry, and over four months after receiving the latest Notice of Award evidenced in the record. (Doc. 23-1).

While the Court could question the timeliness of the Motion,[1] in the absence of opposition by the Commissioner,[2] and in light of the fee agreement between Plaintiff and her attorneys,[3] the Court concludes that the Motion and supporting Exhibits establish that an award of attorney fees is warranted under 42 U.S.C. § 406(b)(1) in the amount sought.

Accordingly, the Court hereby **ORDERS** that:

1. The Motion For Allowance Of Attorney Fees (Doc. 23) is **GRANTED**;

2. The Commissioner shall pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $24,628.38; and

3. The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: 11/14/11

Timothy S. Black
United States District Judge

---

[1] Notably, § 406(b) does not set a specific time for filing motions under that section. Generally, Fed. R. Civ. P. 54(d)(2) provides that "[u]nless a statute or court order provides otherwise," a motion for attorney fees "must . . . be filed no later than 14 days after the entry of judgment." While one court within the Sixth Circuit has concluded that "Rule 54(d)(2)(B) should govern the timing of the fee petition" filed pursuant to § 406(b), that same court noted that Rule 54(d)(2)(B) and § 406(b) "do not fit easily together." *Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp.2d 921, 922-23 (W.D. Mich. 2007).

[2] In *Bentley*, the Court agreed with the notion that "the Commissioner has no financial incentive to assert a challenge to the timeliness of a § 406(b) fee petition," but nevertheless concluded that "the Commissioner's failure to object to the timeliness of the fee petition is not insignificant" because "[t]he Commissioner still 'plays a part in the fee determination resembling that of a trustee for the claimants.'" *Bentley*, 524 F. Supp.2d at 924 (citations omitted).

[3] The fee agreement attached to the Motion states that representation "shall be on a contingent fee basis" and that "[t]he fee will be twenty-five percent (25%) of any lump sum award for past-due benefits payable to Client and Client's dependents, or a minimum of $2,800.00, whichever is greater." (Doc. 23-1).

2